Prall v. Hartford Prosecutors

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of September, two thousand twelve.

PRESENT:
> GUIDO CALABRESI,
> ROBERT A. KATZMANN,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

Tormu E. Prall,

> *Plaintiff-Appellant*,

> v.                                                                  11-4135

Hartford Prosecutors, Superior Court Judge, Department of Corrections,
John and Jane 1-99 Does, John and Jane 1-99 Roes, John and Jane 1-99 Moes,

> *Defendants,*

James E. Thomas, Cathryn Krinitsky, Stephen
J. Miele,

> *Defendants-Appellees.*

_____

FOR APPELLANT:             Tormu E. Prall, *pro se*, Trenton, NJ

FOR APPELLEES:             Robert B. Fiske, III, Assistant Attorney General, Office of
                           the Attorney General, State of Connecticut, Hartford, CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Arterton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Tormu E. Prall, proceeding *pro se*, appeals from the district court's decision to award summary judgment in favor of the Defendant-Appellees and to dismiss his 42 U.S.C. § 1983 claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews orders granting summary judgment *de novo* and focuses on whether the district court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, the Court must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party. *See Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999) (citing *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995)). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

On appeal, Prall does not challenge the district court's dismissal of his claims regarding the alleged violation of state and federal criminal statutes, and he has therefore abandoned any such arguments. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995). As to the remainder of his claims, after an independent review of the record and relevant case law, we

2

conclude for substantially the reasons articulated by the district court in its well-reasoned order that the district court properly granted summary judgment to the defendants and dismissed Prall's complaint.

We have considered Prall's arguments on appeal and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**, and Prall's "motion for rule 2 relief" is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk